UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 17-316-HRW

DERRICK HOWARD,                                                                       PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits in October 2012, alleging disability beginning at the same time, due to back problems (Tr. 291). This application was denied, but remanded by the Appeals Council for further review of the medical source opinion evidence and a consultative examination (Tr. 134-138). On remand, an administrative hearing was conducted by Administrative Law Judge Karen Jackson (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, William Brauning, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 9-18). Plaintiff was 46 years old at the time the alleges he became disabled. He has a high school education and his past relevant work experience consists of work as an equipment cleaner and painter.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from "degenerative disc disease/ disc bulges with neural foraminal narrowing, cervical spine; mild degernative disc disease / mild facety hypertrophy, lumbar soine; chrinoc obstrucive pulminary disease / asthma", which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

2

of the listed impairments. In doing so, the ALJ specifically considered Listings 1.00 and 3.02.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a range of light work. Specifically, the ALJ stated:

> [Plaintiff] [c]an perform a range of light work with the following exertional and non-exertional limitations: no lifting/carrying more than 20 pounds occasionally and ten pounds more frequently; stand/walk six hours out of eight; and sit six hours out of eight. He can frequently climb ramps or stairs but never climb ladders, ropes or scaffolds. He can frequently kneel or crouch; occasionally stoop or crawl; and occasionally reach overhead with the dominant right upper extremity. He can frequently handle, finger and feel with the right upper extremity. He should avoid concentrated exposures to fumes, dust, gases and poor ventilation as well as cold temperature extremes. He should avoid even moderate exposure to hazards such as unprotected heights or dangerous machinery, or vibration.

(Tr. 24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by

3

substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ erred in assessing his ability to use his hands, specifically in finding that he could frequently use his right hand for handling, fingering, and feeling and in finding that he did not have any limitations in using his left hand. Plaintiff also argues that the ALJ improperly mischaracterized the opinion of consultative examiner, Kari Wilson, M.D.

Plaintiff's first argument pertains to the RFC, which the Court notes is quire restrictive, limiting Plaintiff to a reduced range of light work involving only occasionally reaching overhead with his right arm and frequently handling, fingering, and feeling with that hand as well as avoiding concentrated exposure to extreme cold and other postural and environmental limitations

4

When formulating the RFC, the ALJ considered three medical opinions with regard to Plaintiff's manipulative impairments. In November 2013, state agency physician Diosdado Irlandez, M.D., reviewed Plaintiff's medical records and opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; could sit and stand/walk six hours each in an eight-hour workday; could\ frequently crouch and kneel; could occasionally crawl and stoop; could never climb ladders, ropes, or scaffolds; and had a limited ability to reach overhead with his right arm (Tr. 105-07).

In December 2013, Plaintiff's treating physician Robert Nickerson, M.D. completed an opinion indicating that Plaintiff could work four hours per day, stand and walk two hours per day, and sit two hours per day; could occasionally lift 10 pounds and frequently lift five pounds; could occasionally perform all postural activities and use his hands; and would miss two days of work per month (Tr. 473).

In October 2015, Kari Wilson, M.D., performed a physical examination of Plaintiff pursuant to the Appeals Council's remand order (Tr. 592-603). Dr. Wilson diagnosed neck and back pain (Tr. 594) and opined that Plaintiff could lift and carry up to 10 pounds continuously, 20 pounds frequently, and 50 pounds occasionally; could sit, stand, and walk 30 minutes each at a time; could sit for four hours total in an eight-hour workday, stand for two hours, and walk for two hours; could occasionally reach in all directions and handle, finger, feel, and push/pull with his right arm; could occasionally reach in all directions and push/pull with his left arm and continuously handle, finger, and feel with that hand; could frequently operate foot controls; could occasionally perform all postural activities but never climb ladders or scaffolds; could never be exposed to unprotected heights; could occasionally be exposed to moving machinery and extreme

5

cold; and could frequently operate a motor vehicle (Tr. 598-603).

Plaintiff does not specifically challenge the ALJ's weighing of the medical source opinions or finding that his claims of disabling limitations were unsupported by the record. Rather, he argues that he has additional hand and arm limitations beyond those found by the ALJ. Specifically, Plaintiff contends that RFC's inclusion of occasionally reaching overhead with his dominant right arm and frequently handling, fingering, and feeling with that hand are not supported by the record.

The record establishes that Plaintiff injured his left hand, specifically, his fingertips, in a table saw accident in 2003. However, X-rays taken at the time showed no evidence of bone fracture. Nor is there other medical evidence in the record showing that he had limitations from that injury. While Plaintiff testified that he had residual numbness in the tips of his left finger (Tr. 45), he also stated that he had "adjusted to" it and did not state that it caused him any work-related problems aside from achiness in cold weather (Tr. 46). Accordingly, the ALJ limited him to work that did not involve extreme cold temperatures (Tr. 15).

With regard to the medical opinions pertaining to Plaintiff's left hand, Dr. Irlandez did not opine that he had any left hand or arm limitations (Tr. 105-07), and Dr. Wilson opined that he could continuously handle, finger, and feel with his left hand (Tr. 600).

While Dr. Wilson also checked-boxes indicating that Plaintiff could only occasionally reach and push/pull with his left arm (Tr. 600), there is no evidence in the record that Plaintiff had limitations in using his left arm and Plaintiff did not testify that he had problems reaching with his left arm. The ALJ noted this discrepancy and that Dr. Wilson cited only Plaintiff's subjective reports of increased pain with increased activity to support this limitation (Tr. 600),

and gave the opinion only "some weight" (Tr. 13). The Court finds no error in this regard. Similarly, the ALJ reasonably gave Dr. Nickerson's opinion that Plaintiff could only occasionally use both hands little weight as the one-page form he completed was devoid of any detailed explanation. Again, the Court finds no error here, as it is well established that in order to be given controlling weight, the opinion of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

With regard to Plaintiff's right arm, the ALJ found that Plaintiff could only occasionally reach and frequently use his right hand to handle, finger, and feel. Plaintiff maintains that additional right hand reaching, handling, and fingering limitations were warranted. The record reveals that he had carpal tunnel release surgery in the 1990s and that his functioning improved but he still had some right arm and hand weakness (Tr. 561-90). Dr. Nickerson's notes showed 4/5 or 4+/5 strength in his right arm (and 5/5 in the left arm) with slightly decreased reflexes at some points (Tr. 409, 411, 541, 668, 670) and full (5/5) strength at other points (Tr. 662). The record paints a picture of an individual with limited use of his right arm, which is reflected in the RFC. Additional limitations are not supported by the record.

Finally, Plaintiff argues that the ALJ erred in considering Dr. Wilson's opinion by characterizing it as limiting him to a range of medium work. Dr. Wilson opined that Plaintiff could lift and carry up to 50 pounds occasionally (Tr. 598). This is consistent with the lifting requirements of medium work, which involves lifting and carrying up to 50 pounds occasionally.

7

*See* 20 C.F.R. § 404.1567 ( c). It is unclear what error, much less reversible error, occurred in this regard, particularly given that the RFC limits Plaintiff to the lifting requirements of **light** work (Tr. 15).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of July, 2018.

**Signed By:**
*Henry R. Wilhoit, Jr.*
**United States District Judge**